IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LISA SIMPSON,                                     ) | |
|                                                              ) | |
|        Plaintiff,              ) | |
|                                                              ) | |
| vs.                                                       ) | CIVIL NO. 10-394-GPM |
|                                                              ) | |
| MICHAEL J. ATRUE, Commissioner of ) | |
| Social Security,                                 ) | |
|                                                              ) | |
|        Defendant.         ) | |

# **MEMORANDUM AND ORDER**

**MURPHY, District Judge:**

On May 5, 2011, this Court reversed Defendant's final decision regarding Plaintiff's supplemental security income and remanded the matter for rehearing and reconsideration of the evidence under sentence four of 42 U.S.C. § 405(g). Plaintiff now seeks $6,353.20 in attorney fees and $13.20 in costs under the Equal Access to Justice Act (EAJA).

The EAJA permits district courts to award attorney fees and costs to a claimant who brings an action against the United States or any agency or any official of the United States acting in his official capacity where "(1) the claimant was a 'prevailing party,' (2) the government's position was not 'substantially justified,' (3) no special circumstances make an award unjust, and (4) the claimant filed a timely and complete application with the district court." *Stewart v. Astrue*, 561 F.3d 679, 683 (7th Cir. 2009); 28 U.S.C. § 2412(d)(1)(A)-(B). In this case, Plaintiff is a prevailing party, her application was timely filed, and no special circumstances make an award unjust. Defendant objects to the fee request on the basis that his position was substantially

justified.

"The Commissioner bears the burden of proving that both his pre-litigation conduct, including the ALJ's decision itself, and his litigation position were substantially justified." *Stewart*, 561 F.3d at 683 (citations omitted). "A position … is substantially justified if it has a reasonable basis in fact and law." *Id.*, citing *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). The government must demonstrate that there was "(1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the legal theory propounded." *Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004). A loss on the merits does not mean that the Commissioner's position lacked substantial justification. *See Pierce*, 487 U.S. at 569.

In reversing and remanding Defendant's final decision regarding Plaintiff's supplemental security income, this Court adopted the Report and Recommendation of United States Magistrate Judge Clifford J. Proud, to which Defendant did not object. Magistrate Judge Proud found numerous legal and factual errors committed by the Administrative Law Judge (ALJ). Because those findings are detailed in the Report and Recommendation and were adopted by this Court, there is no need to recite them here.

Defendant tries to minimize the ALJ's factual mistakes as inadvertent misstatements of specific information in a voluminous record. This argument ignores the reality that the factual errors contributed to the ALJ's legal errors. The ALJ's decision, adopted by Defendant, was the product of a substantial number of factual and legal errors. That decision is contrary to established law, Defendant's own regulations, and the facts in the record. Defendant had no reasonable basis in fact or law to defend it in this Court. Taken as a whole, Defendant's position

was not substantially justified; therefore, Plaintiff is entitled to fees and costs under 28 U.S.C. § 2412.

Plaintiff requests $6,353.20 in attorney fees and $13.20 in costs, including a request for a cost of living adjustment above the statutory ceiling of $125 per hour.  Defendant does not take issue with Plaintiff's calculations or request for an upward adjustment.  Having reviewed Plaintiff's supporting documents, the Court finds that the amount requested is reasonable under 28 U.S.C. § 2412(b).  It is well settled that the statutory right to fees belongs to Plaintiff as the prevailing party; however, Plaintiff's assignment of this right to her attorney is a common practice.  *See generally* 28 U.S.C. § 2412(d)(1)(A), (2)(B); *Astrue v. Ratliff*, 130 S. Ct. 2521, 2524, 2528-29.  The fee and costs awarded shall be paid directly to Plaintiff's counsel, subject to any prior debt that Plaintiff may owe the government.  *See Mathews-Sheets v. Astrue*, 653 F.3d 560, 2011 WL 3437029 at *5 (7th Cir. 2011).

For the foregoing reasons, Plaintiff's motion for fees and costs (Doc. 32) is **GRANTED** in the total amount of **$6,366.40**.

**IT IS SO ORDERED.**

DATED:   10/14/11

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge